IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CLINTON BRINSON,

                Petitioner,

      v.                            CASE NO. 05-3365-RDR

WARDEN TERELL,

                Respondent.

**O R D E R**

This matter is before the court on a pro se petition for writ of habeas corpus under 28 U.S.C. 2241, filed by a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas.

Petitioner cites his 1997 conviction in the Eastern District of North Carolina (E.D.N.C.) on his plea of guilty to the charge of conspiracy to possess with intent to distribute and distribute cocaine base, 18 U.S.C. 846. Petitioner pursued relief from that conviction, without success, first in a direct appeal and then in a motion filed under 28 U.S.C. 2255. Petitioner now seeks habeas corpus relief under 28 U.S.C. 2241 for alleged error in that conviction.

This is the second 2241 habeas application submitted by petitioner. In the first petition (<u>Brinson v. Terell</u>, Case No. 05-3334-RDR), petitioner claimed the sentence imposed in the E.D.N.C. case was unlawful because it exceeded the sentencing

guidelines. In the present case, petitioner claims he is innocent of the offense, based on evidence of his withdrawal from the conspiracy.

Because both habeas petitions involve claims directed at petitioner's E.D.N.C. conviction, the court consolidates the two cases and allows the consolidated action to proceed on the $5.00 district court filing fee submitted by petitioner in 05-3334-RDR.[1]

As already stated by the court in petitioner's earlier filed action, relief for alleged constitutional error in petitioner's conviction and sentence must be pursued to the extent any relief is available through a motion filed under 28 U.S.C. 2255 in the Eastern District of North Carolina. *See* Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000)(2255 petition attacks the legality of a federal prisoner's detention, and must be filed in the judicial district that imposed the sentence); McIntosh v. United States Parole Comm'n, 115 F.3d 809 (10th Cir. 1997)(2241 petitions are used to attack execution of sentence, in contrast to 2254 and 2255 proceedings which are used to collaterally attack the validity of a conviction and sentence). Section 2241 "is not an additional, alternative, or supplemental remedy to 28 U.S.C. 2255." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). For federal inmates, the 28 U.S.C. 2255 remedy "supplants habeas corpus, unless it is show to be inadequate or ineffective

---

[1]Petitioner also submitted a $5.00 payment for his second petition. Not recognizing that petitioner had in fact submitted two separate petitions, the clerk's office returned petitioner's second check.

to test the legality of the prisoner's detention." <u>Williams v. United States</u>, 323 F.2d 672, 673 (10th Cir. 1963), *cert. denied*, 377 U.S. 980 (1964).

The fact that petitioner now faces restrictions on filing a second or successive 2255 motion does not render the remedy under 28 U.S.C. 2255 inadequate or ineffective. <u>Caravalho v. Pugh</u>, 177 F.3d 1177, 1179 (10th Cir. 1999). Nor does petitioner's presentation of separate specific challenges, consolidated by the court herein, to his conviction and sentence alter the showing petitioner must make to establish jurisdiction under 28 U.S.C. 2241 for this court to proceed on either claim.

In 05-3334-RDR, the court directed petitioner to show cause why that petition should not be dismissed for lack of jurisdiction under 28 U.S.C. 2241. Petitioner filed a response to that show cause order, and argues in his second petition that the 2255 remedy is inadequate or ineffective to address his claims. Although it appears no persuasive showing of inadequacy or ineffectiveness has been demonstrated, the court grants petitioner an opportunity to supplement his response given the court's consolidation of the two petitions.

IT IS THEREFORE ORDERED that this action is hereby consolidated with <u>Brinson v. Terell</u>, Case No. 05-3334-RDR.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to show cause why the consolidated petition for writ of habeas corpus should not be dismissed for lack of jurisdiction under 28 U.S.C. 2241.

DATED:  This 27th day of September 2005, at Topeka, Kansas.


                          <u>s/ Richard D. Rogers</u>
                          RICHARD D. ROGERS
                          United States District Judge