IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**CLINTON BRINSON,**
                    **Petitioner,**

        **v.**                                 CASE NO.  05-3334-RDR

**WARDEN TERELL,**
                    **Respondent.**


**CLINTON BRINSON,**
                      **Petitioner,**

        **v.**                                 CASE NO.  05-3365-RDR

**WARDEN TERELL,**
                    **Respondent.**


**O R D E R**

Petitioner, a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas, proceeds pro se on two petitions for writ of habeas corpus under 28 U.S.C. 2241, which the court consolidated on its own motion.

Petitioner challenges his 1997 conviction and sentence in the Eastern District of North Carolina for conspiracy to possess with intent to distribute and distribute cocaine base.  Petitioner contends he is innocent of the offense, based on evidence of his withdrawal from the conspiracy.  He also argues the sentence imposed was based on an amount of drugs not admitted in petitioner's plea or determined by a jury, contrary to United States v. Booker, 543 U.S. 220 (2005).

By an order dated August 16, 2005, the court found relief on these claims must be pursued in a motion filed under 28 U.S.C. §

2255 in the sentencing court, and directed petitioner to show cause why the consolidated petition should not be dismissed because this court lacked jurisdiction to consider petitioner's claims under 28 U.S.C. § 2241.

Having reviewed petitioner's response, the court concludes this action should be dismissed.

The remedy provided under 28 U.S.C. § 2255 "supplants habeas corpus, unless it is show to be inadequate or ineffective to test the legality of the prisoner's detention." Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963), *cert. denied*, 377 U.S. 980 (1964). Here, petitioner acknowledges that he cannot satisfy the requirements imposed by 28 U.S.C. § 2244(b)(3) for obtaining a circuit court's authorization to seek relief in a second or successive motion under § 2255. It is well established, however, that this does not render the remedy provided under § 2255 "inadequate or ineffective" for the purpose of establishing jurisdiction under 28 U.S.C. § 2241 for this court to consider petitioner's claims. Caravalho v. Pugh, 177 F.3d 1177, 1179 (10th Cir. 1999); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Although second or successive applications are now restricted by statutory requirements imposed by the Antiterrorism and Effective Death Penalty Act in 1996, they are not prohibited. Felker v. Turpin, 518 U.S. 651, 664 (1996).

Finding no showing has been made that the remedy provided by § 2255 is either inadequate or ineffective to address petitioner's post-judgment challenge to his conviction and sentence, the court concludes this consolidated petition should be dismissed.

IT IS THEREFORE ORDERED that the consolidated petition for a

writ of habeas corpus under 28 U.S.C. § 2241 is dismissed for lack of jurisdiction.

DATED:  This 6th day of June 2006, at Topeka, Kansas.

 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge
